OPINION
On August 20, 1999, Arthur Lane was killed in an automobile accident in Miami County when Robert Wissinger went left-of-center and struck Lane's automobile. Wissinger's insurance carrier, Allstate Insurance, offered its policy limits of $100,000 to Denise Lane, the Administrator of the Estate of Arthur Lane. Arthur Lane was survived by his wife, Denise, and four sons.
Denise Lane then placed Ohio Mutual Insurance Company on notice of a potential under insurance claim. Ohio Mutual insured Denise Lane's employer, Tall Tales Inn of Laura, Ohio, under a policy of commercial property insurance. Not unsurprisingly, Mutual contested that the commercial property policy provided under insured coverage to Lane's estate.
Denise Lane, as administrator of Arthur Lane's Estate, filed a declaratory judgment action in Miami County Common Pleas Court, asking the court to declare the rights of Lane's estate and Lane's next of kin to coverage under the Mutual policy. The trial court granted summary judgment to Mutual after it found that the Mutual policy was not a "motor vehicle liability policy" since the specific language of the policy provided that coverage does not apply to automobiles driven on a public street and also because it was not a policy of insurance that served as proof of financial responsibility for owners or operators of motor vehicles "specifically identified in the policy of insurance" as required by R.C. 3937.18(L)(1) effective September 3, 1997. The Court relied onDavidson v. Motorist Mutual Insurance Company (2001), 91 Ohio St.3d 262
in granting the summary judgment.
The Administratrix and the next of kin appealed the trial court's judgment after that court entered a Civ.R. 54(B) finding. In a single assignment of error, appellants contend the trial court erred in holding that the Ohio Mutual insurance policy was not a "motor vehicle liability policy of insurance and thus not subject to the statutory provisions of R.C. 3937.18."
The version of R.C. 3937.18(L) in effect at the time of the accident provided as follows:
 (L) As used in this section, "automobile liability or motor vehicle liability policy of insurance" means either of the following:
 (1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by Division (K) of Section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance; or
Any umbrella liability policy of insurance.
Ruling that the Ohio Mutual policy failed to "specifically identify" any motor vehicles, the trial court held that R.C. 3917.18 did not apply to impose uninsured and/or under insured insurance coverage. In support of its decision, the trial court specifically cited Jump v. NationwideMutual Ins. Co. (Nov. 2, 2001), Montgomery App. No. 18880. Further, the trial court ruled that "even if the policy does serve as proof of financial responsibility under Ohio Revised Code 4509.01(K) under the language of HB 261 version of ORC 3937.18(L)(1)", that neither uninsured nor under insured insurance coverage would be imposed under R.C. 3937.18. Id.
In Jump, supra, we found that R.C. 3937.18(L)(1) "significantly narrows the scope of policies that must include uninsured and under insured motorist coverage when compared with the supreme court's interpretation of the previous version of the statute." Jump, supra, at 6-7. We held that since the policy issued by the defendant did not "specifically identify any motor vehicles", it did not satisfy the R.C. 3937.18(L) definition of an automobile liability or motor vehicle liability policy of insurance. Id. at 9. As such, we held that the trial court erred in concluding that such coverage arose by operation of law. Id. at 10.
The Franklin County Court of Appeals came to a different conclusion inDavis v. State Farm Fire and Casualty Co. (Dec. 18, 2001), Franklin App. No. 00-AP-1458. The court examined language identical to the language in the Ohio Mutual policy and held that by specifically identifying and/or limiting coverage to motor vehicles "owned or operated by or rented or loaned to [an insured]," the language satisfied the "specifically identified" requirement of R.C. 3937.18(L)(1). Davis, supra, at 24. The Davis court rejected our interpretation of the statute because it did not believe that "by using the word `specified' that the legislature intended to require makes, models, and serial numbers.
In any event, appellants contend that the language in the Mutual policy is enough to meet the "specifically identified" vehicles requirement of R.C. 3937.18(L) while general categories of hired and non-owned vehicles arguably is not. We are not persuaded that the language "owned or operated by or rented or loaned to an [insured]" is any more specific than the language "hired and non-owned automobiles" we found non-specific inJump.
Having determined that the Mutual commercial liability policy is not an automobile liability or motor vehicle liability policy of insurance "pursuant to R.C. 3937.18(L)", it follows that Mutual was not required to offer uninsured or under insured motorist coverage as part of the policy. Accordingly, the trial court correctly concluded that such coverage did not arise "by operation of law" because of any failure to offer such coverage when the Mutual policy was delivered to the insureds.
The assignment of error is overruled. The judgment of the trial court is affirmed.
WOLFF, P.J., and GRADY, J., concur.